# MEMO ENDORSED





RECEIVED
AUG - 1 2013
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

RYAN G. SHAFFER
Assistant Corporation Counsel
E-mail: rshaffer@law.nyc.gov
Phone: (212) 788-1041
Fax: (212) 788-9776

July 31, 2013

**BY HAND**
Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-9-13

Re:   Re:   Shelton Jones v. Sergeant John Doe #1 et al.,
             13 Civ. 929 (ALC)(DCF)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter[1]. I respectfully request that the Court schedule a pre-motion conference so that defendants anticipated motion to dismiss Plaintiff's First Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) can be discussed.

    Plaintiff brought this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, false arrest, false imprisonment, cruel and unusual punishment, illegal search and seizure, and malicious prosecution.

**RELEVANT FACTS**

    Plaintiff alleges that on April 15, 2008, at approximately 4:44 P.M., Defendant Police Officers Adam Kreitzberg and Alexander Santiago entered a restaurant where Plaintiff was eating, located at 163rd Street between Kelly Street and Intervale Avenue in the Bronx. (See Plaintiff's Complaint at ¶12). Plaintiff alleges that Defendants began to ask him whether he knew anything about a robbery in the area, and that when he stated that he did not, Defendants threw Plaintiff against the wall and began to illegally search him. (Id. at ¶15). Plaintiff then alleges that Defendants planted narcotics on him and falsely arrested him because he did not have

---

[1] This case has been assigned to Assistant Corporation Counsel Omar Siddiqi, who is presently awaiting admission to the bar and is handling this matter under supervision. Mr. Siddiqi may be reached directly at (212) 341-2498.

information about the robbery. (Id. at ¶¶15-20). Plaintiff states that on April 19, 2008, he was indicted for Criminal Possession of a Controlled Substance in the Third Degree and Criminal Sale of a Controlled Substance in the Third Degree. (Id. at ¶23).

**LEGAL BASIS FOR DEFENDANTS' ANTICIPATED MOTION**

A.   *Plaintiff's Claims Stemming From his April 15, 2008 Arrest are Time-Barred.*

It is well established that the statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983 claims is three years. Owens v. Okure, 488 U.S. 235 (1989). A Section 1983 claim accrues at the time that a plaintiff knows, or has reason to know, of the injury that is the basis of his action. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994); Cullen v. Margiotta, 811 F.2d 698, 725 (2d. Cir. 1987); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). "The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." Singleton, 632 F.2d at 192. The three year statute of limitations is then computed from the date the claim accrued to the time when the action is commenced in federal court by the filing of a complaint. De Matteis v. Eastman Kodak Co., 511 F.2d 306, 311-12, n.8 (2d. Cir. 1975).

Here, Plaintiff's claims stemming from his arrest are all clearly time-barred by the statute of limitations. Plaintiff's claim accrued at the time that he was arrested, April 15, 2008. Plaintiff commenced this action on February 6, 2013, more than three (3) years after his cause of action accrued. As such, his false arrest, false imprisonment, and illegal search claims are time barred, and must be dismissed with prejudice.

B.   *Plaintiff's Malicious Prosecution Claim Must be Dismissed Because he was Indicted.*

The existence of probable cause is also an absolute defense to a claim of malicious prosecution. Maron v. County of Albany, 166 Fed. Appx. 540, 541-42 (2d Cir. 2006); Mitchell v. County of Nassau, 786 F. Supp. 2d 545, 562 (E.D.N.Y. 2011). In other words, if probable cause existed at the time of arrest, then it continues to exist at the time of criminal prosecution unless the initial probable cause is undermined by the discovery of exculpatory facts. Johnson v. Constantellis, 221 Fed. Appx. 48, 50-51 (2d Cir. 2007). Additionally, "[o]nce a suspect has been indicted . . . the law holds that the Grand Jury action creates a presumption of probable cause." Rothstein v. Carriere, 373 F.3d 275, 282-83 (2d Cir. 2004); Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000); Marshall v. Sullivan, 105 F.3d 47, 54 n.2 (2d Cir. 1996).

Here, by Plaintiff's own admission, he was indicted by a grand jury. Thus, there was probable cause to prosecute him and his malicious prosecution claim must be dismissed with prejudice.

**CONCLUSION**

        For the reasons set forth herein, Defendants respectfully request that the Court schedule a pre-motion conference so that defendants anticipated motion to dismiss Plaintiff's First Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) can be discussed.

Respectfully submitted,

Ryan G. Shaffer
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Shelton Jones, *Plaintiff Pro-Se* (By First-Class Mail)
        11B0687
        Orleans Correctional Facility
        3531 Gaines Basin Road
        Albion, NY 11411-9199

Defendants shall file their Motion to Dismiss by October 18, 2013. Plaintiff shall file his opposition to Defendants' Motion by December 20, 2013. Defendants shall file their reply, if any, by January 24, 2014.

SO ORDERED.

Andrew L. Carter
8-9-13