```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SHELTON C. JONES,

                Plaintiff,

        v.                                13 CV 929(ALC)(DF)

ADAM KRIETZBERG, ALEXANDER SANTIAGO,
and THE CITY OF NEW YORK,

                Defendants.
------------------------------------x
                                          New York, N.Y.
                                          June 4, 2014
                                          2:45 p.m.
Before:

                    HON. ANDREW L. CARTER, JR.

                                             District Judge

                APPEARANCES (Via Telephone)

SHELTON C. JONES, Pro Se



NEW YORK CITY LAW DEPARTMENT
OFFICE OF CORPORATION COUNSEL
     OMAR JAVED SIDDIQI
        Assistant Corporation Counsel
```

1   THE DEPUTY CLERK:  Civil cause for a telephone status
2   conference in case number 13 CV 929, Jones v. Krietzberg, et
3   al.
4            Counsel, please state your appearance for the
5   plaintiff.
6            Mr. Jones?
7            MR. JONES:  Oh, yes.  Shelton Jones.
8            THE DEPUTY CLERK:  Thank you.
9            And for the defendants?
10           MR. SIDDIQI:  Omar Siddiqi on behalf of the City of
11  New York and Police Officer Krietzberg and Police Officer
12  Santiago.
13           THE COURT:  Good afternoon.
14           MR. SIDDIQI:  Good afternoon, your Honor.
15           MR. JONES:  Good afternoon.
16           THE COURT:  I am ready to rule on the defendants' Rule
17  12(b)(6) motion to dismiss, in particular regarding the motion
18  on the statute of limitations.
19           The statute of limitations for plaintiff's claim on
20  this case is three years since the statute of limitations claim
21  was brought under Section 1983 is equivalent to the three-year
22  period for personal injury actions under New York State law.
23  And I would cite <u>Shomo v. City of New York</u>, 579 F.3d 176 at 181
24  (2d Cir. 2009).
25           The original complaint was filed on February 6, 2013.

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| 1   | Plaintiff had several causes of action in this case.            |
| 2   | Let's start with the 1983 claim for excessive force.            |
| 3   | Again, the statute of limitations begins to run when the force  |
| 4   | was allegedly used. That is McClanahan v. Kelly, 2014 Westlaw   |
| 5   | 1317612 at page 4 (S.D.N.Y. 2014). An excessive force claim     |
| 6   | accrues when the use of force occurred.                         |
| 7   | Plaintiff was allegedly subjected to excessive force            |
| 8   | during the search and his arrest on April 12, 2008.             |
| 9   | Considering the three-year statute of limitations, this claim   |
| 10  | is untimely and, therefore, dismissed pursuant to Rule          |
| 11  | 12(b)(6).                                                       |
| 12  | For the Section 1983 claim for false arrest and the             |
| 13  | Section 1983 claim for false imprisonment, plaintiff has relied |
| 14  | on Heck v. Humphrey and Covington v. City of New York. They     |
| 15  | have been further explained by the Supreme Court in its         |
| 16  | decision Wallace v. Kato, 549 U.S. 384 (2007). The Supreme      |
| 17  | Court in that Wallace case rejected the argument that is being  |
| 18  | put forth by plaintiff and held that the statute of limitations |
| 19  | for a Section 1983 claim seeking damages for a false arrest in  |
| 20  | violation of the Fourth Amendment where the arrest is followed  |
| 21  | by the criminal proceedings begins to run at the time the       |
| 22  | claimant becomes detained pursuant to legal process. And that   |
| 23  | is Wallace, 549 U.S. at 397. Wallace indicates the courts       |
| 24  | should use the date of the arraignment as the time that the     |
| 25  | plaintiff becomes detained pursuant to legal process.           |

1     Plaintiff states he was indicted by the grand jury on
2 April 18, 2008.
3     Just for clarity, let me find out from the parties
4 what date was the plaintiff arraigned in this matter?
5     MR. SIDDIQI: Your Honor, I have the date he was
6 indicted.
7     THE COURT: Was the plaintiff arraigned on a complaint
8 before being arraigned on an indictment?
9     MR. SIDDIQI: I don't have that information in front
10 of me, your Honor.
11     He was indicted on April 19, 2008.
12     THE COURT: It seems to me that, given that, it is
13 extremely unlikely that plaintiff was arraigned within this
14 three-year statute of limitations, but I cannot make that
15 determination conclusively until I am certain as to the date in
16 which the plaintiff was arraigned. I know that plaintiff wants
17 to amend the complaint.
18     Plaintiff have information as to when you were
19 arraigned on the underlying case, plaintiff?
20     MR. JONES: No, your Honor.
21     THE COURT: But it seems to me very unlikely that
22 plaintiff has filed the original complaint within three years
23 of the date of his arraignment, but I am inclined to rule that
24 his claim is untimely and it should be dismissed pursuant to
25 12(b)(6), but I cannot do that in the absence of certainty as

5
E64UJONC

1   to when the plaintiff was arraigned.

2   Let's move on to the next issue, the 1983 claim for
3   legal search and seizure. The statute of limitations there
4   begins to run at the time of the search. That is Guerrero v.
5   Fitzgibbons, 2011 Westlaw 5222666 at page 2 (S.D.N.Y. 2011). A
6   claim of unlawful search and seizure generally accrues from the
7   date of the unlawful search.

8   Construing plaintiff's papers broadly, he argues that
9   he should be entitled to delayed accrual under Heck. Again, my
10  interpretation and my reading of Wallace, which has certainly
11  significantly limited Heck, makes it apparent to me that there
12  is no real reason to distinguish between claims for false
13  arrest and search and seizure since they both fall under the
14  Fourth Amendment. And I will therefore hold that Wallace
15  applies with equal force to a claim for an illegal search and
16  seizure. That is in accordance with the case of Mallard v.
17  Potenza at 2007 Westlaw 4198246 at page 3 from the Eastern
18  District of New York in 2007. I agree with that court's
19  analysis.

20  Therefore, the plaintiff's 1983 claim for illegal
21  search and seizure accrued at the time that he was allegedly
22  illegally searched and seized on April 12, 2008. Considering
23  the three-year statute of limitations, this claim is untimely
24  and therefore dismissed pursuant to Rule 12(b)(6).

25  Regarding the Section 1983 claim for malicious

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    prosecution, the statute of limitations begins to run when the
2    criminal proceedings are terminated.  That is Heck v. Humphrey,
3    512 U.S. 477 at 489, a Supreme Court case from 1994.
4             Plaintiff states that he was acquitted on March 14,
5    2010.  Since this case was filed within three years of that
6    date, it is not barred by the statute of limitations and that
7    claim may proceed.
8             Regarding the plaintiff's Monell claim, the statute of
9    limitations begins to run at the time plaintiff had reason to
10   know about the alleged unlawful policy.  That is Houston v.
11   Cotter, 2014 WL 1246067 at page 5 (E.D.N.Y. 2014), stating a
12   Section 1983 claim against a municipality does not accrue until
13   the plaintiff knew about or at least had reason to know about
14   the policy or custom upon which she bases the claim.
15            Plaintiff did not clearly allege when he knew about or
16   at least had reason to know about the policy or custom upon
17   which he bases his claim, so I cannot conclusively determine
18   that this cause of action is precluded by the statute of
19   limitations at this time.
20            So, in summary, plaintiff's Section 1983 claim for
21   excessive force is barred.
22            His Section 1983 claim for illegal search and seizure
23   is barred.
24            The Section 1983 claim for malicious prosecution is
25   timely.

1          The Monell claim could be timely filed.

2          And there is a possibility that plaintiff's Section

3    1983 claim for false arrest and Section 1983 claim for false

4    imprisonment are timely, although it seems unlikely since

5    plaintiff was arraigned April 18th or 19th -- I should say that

6    since plaintiff was indicted on April 18th or 19th -- it also

7    seems to me that he was arraigned much further than that.

8    Also, it seems to me that since he was arrested on April 12th,

9    that more likely than not that he was at least arraigned on

10   that complaint shortly thereafter, but I cannot determinatively

11   say that because I do not have that specific information in

12   front of me.

13         So I will grant plaintiff leave to amend and file a

14   second amended complaint.  Leave to amend should be freely

15   given and a pro se litigant, in particular, should be afforded

16   every reasonable opportunity to demonstrate that he has a valid

17   claim.  So I will allow plaintiff to file an amended complaint

18   dealing with the Section 1983 claims for false arrest, false

19   imprisonment, and the Monell claim as well as malicious

20   prosecution.

21         Again, it seems to me that if in fact the plaintiff

22   was arraigned somewhere prior to April -- definitely April

23   20th -- that this claim would not survive the statute of

24   limitations, but I don't have that information in front of me

25   so I will allow the plaintiff to amend his complaint to include

again the allegations regarding false arrest, false imprisonment, malicious prosecution, and the Monell claim.

I am not going to make any ruling at this time regarding whether or not the Monell claim is actually within the statute of limitations. And I am not going to rule at this time about defendant's other arguments and their motion to dismiss regarding the malicious prosecution claim and the Monell claim, and I cannot rule at this time regarding the false arrest and false imprisonment claim at this time. So I will give plaintiff an opportunity to file the second amended complaint.

Mr. Jones, do you understand what I am saying here?

MR. JONES: Kind of, yes.

THE COURT: Let me break it down a little bit more.

I am going to let you file your second amended complaint. And the complaint that you file would be the operative document, that is what we are going to be dealing with. I am not going to allow you to include in that second amended complaint your claim for excessive force and I am not going to allow you to include your claim for unlawful search and seizure; I find that they are barred by the statute of limitations and it would be futile or meaningless to let you amend the complaint with those.

The other allegations that you have indicated in your existing complaint at this time, you can keep those claims in

9
E64UJONC

there, but you also need to add more information regarding the Monell claim so that I can make a determination about whether or not this Monell claim survives the statute of limitations.

And you should also give information, to the extent that you have it, regarding when you were arraigned, because that is relevant to the false arrest and false imprisonment claims as to whether or not they survive the statute of limitations.

Do you understand that, Mr. Jones?

MR. JONES: Yes, your Honor.

THE COURT: So I will give you a chance to file the amended complaint. Once the amended complaint is filed, I can give the defendants an opportunity to file a subsequent motion to dismiss.

Let me find out, Mr. Jones, how much time do you need to file your amended complaint?

MR. JONES: Could I get probably 30 to 45 days?

THE COURT: The defendants have any position on that?

MR. SIDDIQI: Yes, as long as he will file it.

THE COURT: So we will give you 45 days, Mr. Jones.

MR. JONES: Oh, your Honor?

THE COURT: Yes.

MR. JONES: I spoke to Judge Freeman -- me and Counsel Siddiqi had a conference with Judge Freeman. And she told Counsel Siddiqi to give me a copy of all the transcripts. I

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1 had signed for them and gave him a copy that Counsel Siddiqi
2 requested and he never fully gave me the transcripts. So it
3 would be hard for me to present this information because
4 Siddiqi is holding this information back for me to present to
5 the Court.
6     THE COURT: Counsel, do you have any information about
7 these documents?
8     MR. SIDDIQI: Your Honor, I don't think what plaintiff
9 is saying is entirely accurate. We were directed to provide
10 plaintiff with any documents that we had as a matter of course
11 as part of our initial disclosures which we did. I don't have
12 any of his criminal court transcripts. Discovery was stayed
13 pending the outcome of the motion because the motion was on the
14 pleadings. We were not directed to provide -- because it is a
15 process to get criminal court minutes which plaintiff is
16 requesting, so I sent him his arrest report and other documents
17 of that nature, but not the criminal court minutes.
18     THE COURT: Defense counsel have a copy of the court
19 file, the original official court file?
20     MR. SIDDIQI: No. I can try to get that and send it
21 to Mr. Jones.
22     THE COURT: Let's do that because the court file, the
23 actual docket will have information regarding when Mr. Jones
24 was arraigned which would certainly be helpful as well, because
25 if Mr. Jones was arraigned in a period outside the statute of


limitations, then we can save may some paper and save some time in terms of filing an amended complaint regarding that.

How soon can you make a copy and deliver a copy of the docket of the court file to Mr. Jones, counsel?

MR. SIDDIQI:  Your Honor, I would need two weeks to obtain it and after that it does take some time for mail to get to him, so I would say about three weeks to reach him.

THE COURT:  So three weeks will take us to -- so get that to Mr. Jones by June 25th.

And, Mr. Jones, we will give you 45 days from June 25th to file your amended complaint.  Does that work?

MR. JONES:  Yes, your Honor.

THE COURT:  So, Mr. Jones, you can file your amended complaint by August 11th.

MR. JONES:  Yes.

THE COURT:  My sense is that defense counsel is still going to wish to file a motion to dismiss once the amended complaint is filed, is that correct?

MR. SIDDIQI:  Yes, your Honor.  We are going to move to dismiss the amended complaint if it is substantially similar.

THE COURT:  So I will go ahead and give you a schedule for filing that motion to dismiss while we are here.  Again, the second amended complaint should be filed by August 11th.

And let's give the defendants -- is 30 days enough

E64UJONC

1  time for your motion?
2        MR. SIDDIQI:  Yes, your Honor.
3        THE COURT:  So September 10th for the motion to
4  dismiss.
5        And, Mr. Jones, I can give you 45 days to respond to
6  the motion to dismiss.  Does that work?
7        MR. JONES:  Sure.
8        THE COURT:  So October 15th.
9        And if there is a need for a reply, the reply should
10  be filed by October 29th.
11        MR. SIDDIQI:  Yes, your Honor.
12        THE COURT:  Thank you very much.
13        Have a good day.

                    o   0   o