UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/15
```

------------------------------------------------------------X

SHELTON C. JONES,                                    :

               Plaintiffs,                        :          13cv00929 (ALC) (DF)

   -against-                                       :          **ORDER**

ADAM KRIETZBERG, et al.                          :

               Defendants.                        :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

On January 16, 2015, this Court held a telephonic conference with *pro se* Plaintiff

Shelton C. Jones ("Plaintiff") and counsel for defendants Adam Krietzberg, Alexander Santiago,

and the City of New York (collectively, "Defendants"), to resolve Plaintiff's two pending,

related motions (Dkts. 51, 62) for the imposition of discovery sanctions against Defendants.[1]

The Court having considered the parties' arguments with respect to these motions, it is hereby

ORDERED that:

    1.     To the extent Plaintiff's motions were made pursuant to Rule 37(b) of the Federal

Rules of Civil Procedure (for sanctions for failure to comply with a court order), the motions are

denied.  Plaintiff asserts that, during two prior telephonic case management conferences in this

action, both of which were held on the record, this Court issued orders directing Defendants to

obtain and produce to him the minutes of all court proceedings in his underlying criminal case.

This Court has reviewed the transcripts of both of the case management conferences in question,

and finds that, while it is understandable why Plaintiff believed that the Court had ordered the

---

[1] *See* Notice of Motion for a[n] Order To Impose Sanctions upon Defendants for Their
Failure To Comply With Court's Orders Pursuant to Fed. R. Civ. P. 37(B)(2), dated July 24,
2014 (Dkt. 51); Notice of Motion for an Order To Impose Sanctions Upon Defendants Pursuant
to Fed. R. Civ. P. 37(B)(2) and Fed. R. Civ. P. 37(B)(2)(C), dated Oct. 25, 2014 (Dkt. 62).

production of the criminal court minutes, and while Defendants' counsel should have clarified that it had not sought to obtain and was not intending to produce those minutes, the Court did not actually make an oral ruling that directly ordered their production.[2]  Under the circumstances, sanctions under Rule 37(b) are not warranted.

2.     The Court further notes, however, that Plaintiff is proceeding *pro se*, and his motion papers are thus entitled to a liberal construction.  After reviewing the prior conference transcripts and hearing the parties' arguments, the Court has determined that it would be appropriate to construe Plaintiff's motions as having been brought under Rule 37(a), to compel production of the criminal court minutes.  So construed, the motions are granted, as follows:

a.     Defendants are directed to make an immediate written request, directed to the Bronx Supreme Court and, if necessary, the appropriate court reporter(s) (with copies of the request provided to Plaintiff and the Court), for the minutes of Plaintiff's criminal arraignment proceedings, as well as all of his other criminal court proceedings.  Upon receipt, Defendants shall provide Plaintiff with copies of any minutes, together with any cover letter(s) received, in response, from the Bronx Supreme Court and/or the court reporter(s).

b.     As the minutes of Plaintiff's arraignment proceedings, in particular, may be relevant to Defendants' currently pending motion to dismiss Plaintiff's Third Amended Complaint, Defendants are directed to take all appropriate steps to follow up on

---

[2] In his motions, Plaintiff further argues that Judge Carter, during a telephone conference, ordered production of the minutes of Plaintiff's criminal court proceedings. (*See* Dkt. 51, at 3-4; Dkt. 63, at 2.) Judge Carter, however, only directed Defendants to request, and to provide to Plaintiff, a copy of the docket of the court file of Plaintiff's criminal court proceedings, but not the minutes of any of his criminal proceedings. (*See* Transcript of Proceedings, dated June 4, 2014 (Dkt. 56), at 10:22-11:9.)

their request for those minutes, and to inform the Court in writing, no later than February 20, 2015, as to the status of their request for those minutes.

      c.      Pursuant to Rule 37(a)(5), and having been given an opportunity to be heard at the January 16 conference, Defendants are directed to pay Plaintiff for the copying and postage costs he incurred in connection with filing his two motions. Plaintiff is directed to file a letter, itemizing those costs.

      3.      The Clerk of Court is directed to close the motions docketed as Dkts. 51 and 62.

Dated:  New York, New York
       January 21, 2015

                              SO ORDERED

                              DEBRA FREEMAN
                              United States Magistrate Judge

Copies to:

Mr. Shelton C. Jones
11 B 0687
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411-9199

Defense counsel (via ECF)