13 Civ. 929 (ALC) (DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELTON JONES,

                                  Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER ADAM KREITZBERG, POLICE OFFICER ALEXANDER SANTIAGO

                                  Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-212*
*New York, N.Y. 10007*

*Of Counsel: Omar J. Siddiqi*
*Tel: (212) 356-2381*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................... 3

STANDARD FOR REVIEW .............................................................................................. 2

ARGUMENT

    POINT I

        PLAINITFF'S CLAIMS ARE TIME-BARRED AND SHOULD BE DISMISSED ............................................................. 4

    POINT II

        PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS BECAUSE HE WAS INDICTED BY A GRAND JURY ................................................................................. 6

    POINT III

        DEFENDANTS KREITZBERG AND SANTIAGO ARE ENTITLED TO QUALIFIED IMMUNITY ..................................... 8

    POINT III

        PLAINTIFF FAILS TO PROPERLY STATE A CLAIM UNDER MONELL ................................................................... 10

    POINT IV

        THE COURT SHOULD DECLINE TO EXERCISE PENDENT JURISDICTION ............................................... 12

CONCLUSION ................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Pages**

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009) ............................................................................................... 3

Bank v. Pentagroup Fin., LLC,
   08-CV-5293 (JG) (RML), 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009) ................ 3

Barone v. City of New York,
   2014 WL 4467780 (S.D.N.Y. Sept. 10, 2014) ............................................................................ 6

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ............................................................................................................. 3, 4

Breeden v. City of New York,
   2014 WL 173249 (E.D.N.Y. Jan. 13, 2014) .............................................................................. 6

City of Canton v. Harris,
   489 U.S. 378 (1989) ................................................................................................................. 9

City of Okla. v. Tuttle,
   471 U.S. 808 (1985) ................................................................................................................. 9

Coggins v. Buonora,
   No. cv-13-4635, 2015 U.S. App. LEXIS 487
   (2d Cir. Jan. 13, 2015) .............................................................................................................. 8

Colon v. City of New York,
   468 N.Y.S.2d 453 (1983) ......................................................................................................... 7

Connick v. Thompson,
   131 S. Ct. 1350 (2011) ............................................................................................................. 9

Cornwell v. Robinson,
   23 F.3d 694 (2d Cir.1994) ........................................................................................................ 5

Cullen v. Margiotta,
   811 F.2d 698 (2d. Cir. 1987) .................................................................................................... 4

Eagleston v. Guido,
   41 F.2d 865 (1994) ................................................................................................................... 4

Excell v. City of New York,
   2012 U.S. Dist. LEXIS 93080 (E.D.N.Y. July 5, 2012) ........................................................... 4

| **Cases** | **Pages** |

Giaccio v. City of N.Y.,
 No. 07-3957-cv, 308 Fed. Appx. 470 (2d Cir. Jan. 23, 2009) .................................................. 9

Hartman v. Moore,
 547 U.S. 250 (2006) ................................................................................................................ 6

Iqbal v. Hasty,
 490 F.3d 143 (2d Cir. 2007) .................................................................................................... 3

Jaegly v. Couch,
 439 F.3d 149 (2d Cir. N.Y. 2006) ........................................................................................... 4

Jaghory v. New York State Dep't of Educ.,
 131 F.3d 326 (2d Cir. 1997) .................................................................................................... 4

Jennings v. New York,
 1991 U.S. Dist. LEXIS 13719 (S.D.N.Y. Sept. 25, 1991) ....................................................... 5

Jovanovic v. City of New York,
 No. 10-4398-cv, (2d Cir. June 20, 2012) (Summary Order) .................................................... 8

Lore v. City of Syracuse,
 670 F.3d 127 (2d Cir. 2012) .................................................................................................... 9

McClellan v. Smth,
 439 F.3d 137 (2d Cir. 2006) .................................................................................................... 7

Missel v. Cnty. of Monroe,
 No. 09-0235-cv, 351 Fed. Appx. 543 (2d Cir. Nov. 4, 2009) .................................................. 9

Mitchell v. Kugler,
 07 CV 1801 (JG) (LB), 2009 U.S. Dist. LEXIS 4655 (E.D.N.Y. Jan. 23, 2009) ..................... 3

Owens v. Okure,
 488 U.S. 235 (1989) ................................................................................................................ 4

Pitchell v. Callan,
 13 F.3d 545 (2d Cir. 1994) .................................................................................................... 12

Rehberg v. Paulk,
 ___ U.S. ___, 132 S. Ct. 1497, 1505-10 (2012) ...................................................................... 8

Ricciuti v. N.Y.C. Transit Auth.,
 941 F.2d 119 (2d Cir. 1991) .................................................................................................... 9

**Cases**                                                                                                               **Pages**

Savino v. City of New York,
   331 F.3d 63 (2d Cir. N.Y. 2003) .................................................................................................. 7

Schlottbauer v. Sanders,
   153 A.D.2d 731 (2d. Dep't 1989) ................................................................................................. 4

Singleton v. City of New York,
   632 F.2d 185 (2d Cir. 1980),
   cert. denied, 450 U.S. 920 (1981) .............................................................................................. 4

Townes v. City of New York,
   176 F. 3d 138 (2d Cir. 1999) ........................................................................................................ 6

Wray v. City of N.Y.,
   490 F.3d 189 (2d Cir. 2007) ........................................................................................................ 9

Zahra v. Town of Southbold,
   48 F.3d 674 (2d Cir. 1995) .......................................................................................................... 9

Zherka v. DiFiore,
   412 Fed. Appx. 345 (2d Cir. 2011) .............................................................................................. 9

**Statutes**

42 U.S.C. §1983 ................................................................................................................................ 1, 4

Fed. R. Civ. P. 8 ..................................................................................................................................... 3

Fed. R. Civ. P. 12(B)(6) ................................................................................................................ 1, 2, 5

N.Y. GEN MUN. LAW § 50-i(1)(c) ..................................................................................................... 11

28 U.S.C. §1367(c)(3) ......................................................................................................................... 11

**Other Authorities**

Wright & Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ...................... 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SHELTON C. JONES,

                                          Plaintiff,        13 Civ. 929 (ALC) (DCF)

              -against-

ADAM KREITZBERG SHIELD NO. 26963; ALEXANDER SANTIAGO, NO. 29616; THE CITY OF NEW YORK, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

                                          Defendants.

------------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION <u>TO DISMISS THE COMPLAINT</u>

Plaintiff Shelton Jones (hereinafter "Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff brings claims of false arrest, malicious prosecution, municipal liability, and related state law claims.

## PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants City of New York, Adam Kreitzberg, and Alexander Santiago, by their attorney, Zachary W. Carter, Corporation Counsel for the City of New York, respectfully submit this motion to dismiss the Fourth Amended Complaint ("FAC") in its entirety, with prejudice, on the grounds that: (1) plaintiff's claims stemming from his arrest on April 12, 2008 are time barred; (2) plaintiff's malicious prosecution claims are barred because he was indicted by a grand jury; (3) plaintiff has failed to properly plead a claim for municipal liability; and (4) defendants Kreitzberg and Santiago are entitled to qualified immunity.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On or about February 20, 2014, plaintiff filed the original Complaint in this action. (Civil Docket Sheet, 13 Civ. 929, Entry No. 2). Plaintiff alleges, alleging, *inter alia*, that on April 12, 2008, Police Officers Adam Kreitzberg and Alexander Santiago entered a restaurant where plaintiff was eating, located at 163rd Street between Kelly Street and Intervale Avenue in the Bronx. (Fourth Amended Complaint dated April 28, 2015, (hereinafter referred to as "FAC,") annexed to the Declaration of Omar J. Siddiqi dated May 27, 2015 (hereinafter referred to as "Siddiqi Decl."), Exhibit A). Plaintiff alleges that defendants Kreitzberg and Santiago began to ask him whether he knew anything about a robbery in the area, and that when he stated that he did not, they threw him against the wall and began to illegally search him. (Id.). Plaintiff then alleges that defendants Kreitzberg and Santiago planted narcotics on him and falsely arrested him because he did not have information about the robbery. (Id.). Plaintiff also alleges that defendant Santiago made false statements to the Grand Jury. (Id. at ¶60-64).

Plaintiff was arraigned on the charges of Criminal Sale of a Controlled Substance and Criminal Possession of a Controlled Substance in the Third Degree before the Supreme Court of the State of New York in Bronx County on April 12, 2008. (Arraignment Worksheet, Supreme Court of the State of New York, Bronx County, Docket No. 2008BX023496, annexed to the Siddiqi Decl. (hereinafter referred to as "Arraignment Worksheet"), Exhibit B). On April 19, 2008, plaintiff was indicted for Criminal Possession of a Controlled Substance in the Third Degree and Criminal Sale of a Controlled Substance in the Third Degree. (Id. at ¶32). On March 7, 2010, plaintiff was acquitted of all charges. (FAC, Siddiqi Decl., Exhibit A at ¶47).

**STANDARD FOR REVIEW**

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court discussed the considerations involved in scrutinizing a complaint under FED. R. CIV. P. 12(b)(6).

In deciding a motion to dismiss, the reviewing court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. FED. R. CIV. P. 12(b)(6). But, the "factual allegations must be enough to raise a right to relief above the speculative level…' The pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Twombly, 550 U.S. at 555 (quoting Wright & Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Pursuant to Twombly, a complaint must plead sufficient facts to state a claim that is not merely conceivable but *plausible*, and that "a formulaic recitation of the elements of a cause of action will not do." Id. At 555.

Subsequently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court distilled two key points from Twombly. First, the requirement that the court accept as true all allegations in the complaint when deciding a motion to dismiss is inapplicable to threadbare recitals of the elements of a cause of action couched as factual allegations. Id. At 1950 (citing FED. R. CIV. P. 8). Second, the Plaintiff is not entitled to relief where the complaint suggests "the mere possibility of misconduct." Id. As such, the Twombly plausibility standard "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Mitchell v. Kugler, 07 CV 1801 (JG)(LB), 2009 U.S. Dist. LEXIS 4655, *13-15 (E.D.N.Y. Jan. 23, 2009) (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting Twombly)) (italics omitted).

For the reasons set forth below, Defendants respectfully submit that, upon consideration of the record before the Court, the complaint must be dismissed in its entirety and with prejudice for failure to state a claim.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE TIME-BARRED AND SHOULD BE DISMISSED

Plaintiff's claims for false arrest, false imprisonment, illegal search, and conspiracy must be dismissed because they are time barred under the relevant statute of limitation. The statute of limitation applicable to an action brought under 42 U.S.C. §1983 is three years. Owens v. Okure, 488 U.S. 235, 250 (1989); Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331-32 (2d Cir. 1997) ("the statute of limitation that governs a Section 1983 action arising in New York is the three-year statute of limitations applicable to a personal injury action"). "The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981); Cullen v. Margiotta, 811 F.2d 698, 725 (2d. Cir. 1987); Eagleston v. Guido, 41 F.2d 865, 871 (1994). The three year statute of limitations is then computed from the date the claim accrued to the time when the action is commenced in federal court by the filing of a complaint. De Matteis v. Eastman Kodak Co., 511 F.2d 306, 311-12, n.8 (2d. Cir. 1975).

A cause of action for false arrest, including false imprisonment claims accrues at the time of detention. Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. N.Y. 2006). The statute of limitations for an illegal search begins to run on the day of the alleged search. Jennings v. New York, 1991 U.S. Dist. LEXIS 13719 (S.D.N.Y. Sept. 25, 1991). Additionally, "[a] state law conspiracy claim cannot stand alone; it therefore carries the statute of limitations of the underlying tort." Excell v. City of New York, No. 12 Civ. 2874 (BMC), 2012 U.S. Dist. LEXIS 93080, at *13-14 (E.D.N.Y. July 5, 2012); see Schlotthauer v. Sanders, 153 A.D.2d 731, 732 (2d

Dep't 1989) (dismissing allegations of conspiracy as "time barred because conspiracy is not an independent tort, and is time barred when the substantive tort underlying it is time barred").

Here, plaintiff's false arrest, false imprisonment, illegal search and seizure, and conspiracy claims all arise from an alleged search and arrest that occurred on April 12, 2008. Further, plaintiff was arraigned on April 12, 2008. Under federal law, the statute of limitations on these claims begins to run once the plaintiff knows or should have known of the injury on which these claims are based. Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir.1994). As such, plaintiff's alleged injuries occurred on April 12, 2008, and the statute of limitations began to run on that date. Thus, in order to preserve these claims plaintiff had to commence his federal action by April 12, 2011. Plaintiff did not file the Complaint in this case until February 6, 2013 (Civil Docket Sheet, 13 Civ. 929, Entry No. 2), nearly two years after the statute of limitations had expired. Because the statute of limitations in New York to file a section 1983 claim is three years, the FAC falls far outside of the statute of limitations. Based on the foregoing, Plaintiff's false arrest, false imprisonment, illegal search, and conspiracy claims are barred by the relevant statute of limitations and as such, must be dismissed pursuant to Rule 12(b)(6).

Furthermore, plaintiff's state law claims must be dismissed because plaintiff failed to commence this action within the time constraints imposed by the New York General Municipal Law. An action maintained against the City or its agents for personal injury must be commenced "within one year and ninety days after the happening of the event upon which the claim is based." N.Y. GEN. MUN. LAW § 50-i(1)(c). Thus plaintiff had to bring the action by July 12, 2009 in order to preserve his state law claim. Plaintiff did not commence this action until February 6, 2013, almost three years after the applicable statute of limitation expired. Furthermore, plaintiff never filed a notice of claim with the Office of the Comptroller.

5

Accordingly, since plaintiff did not commence this action within the statutory mandated time period, all of his state law claims against the defendant officers must be dismissed.

## POINT II

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED BECAUSE HE WAS INDICTED BY THE GRAND JURY

While plaintiff's malicious prosecution claim appears to be within the statute of limitation, plaintiff fails to allege any facts against defendants sufficient to support same. To prevail on a malicious prosecution claim under either federal or state law, a plaintiff must "prove that: (1) the defendant initiated or continued a criminal proceeding against plaintiff; (2) the proceeding terminated in plaintiff's favor; (3) there was no probable cause for the criminal charge; and (4) the defendant acted with malice." Breeden v. City of New York, 09 CV 4995 (ARR)(JMA), 2014 WL 173249, at *10 (E.D.N.Y. Jan. 13, 2014) (citation omitted).

As an initial matter, Plaintiff fails to plausibly allege that either defendants Kreitzberg or Santiago had any role in the initiation of the prosecution against Plaintiff. "An arresting officer may be held liable for malicious prosecution if he or she 'played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" Barone v. United States, 12 CV 4103 (LAK), 2014 WL 4467780, at *17 (S.D.N.Y. Sept. 10, 2014). "A successful claim against a police officer requires some showing that the defendant 'distorted the process by which [plaintiff] was brought to trial, and an officer who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding.'" Breeden v. City of New York, 2014 WL 173249, at *10. "In an action brought against a law enforcement officer, 'a malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by police.'" Id. (quoting Hartman v. Moore, 547 U.S. 250, 263 (2006)). Indeed, "the

chain of causation between a police officer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment . . . [a]t least . . . in the absence of evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment." Townes v. City of New York, 176 F.3d 138, 147 (2d Cir. 1999).

In the FAC, plaintiff pleads in a cursory manner that defendants Kreitzberg and Santiago made false allegations against him, and that they forwarded these false allegations to the Bronx County District Attorney's Office. However, plaintiff does not plead with any specificity how defendants Kreitzberg or Santiago misled or pressured a prosecutor into initiating or continuing the prosecution against him. Indeed, any allegations plaintiff has made with regard to false information supplied to the District Attorney are totally conclusory.

Even if plaintiff had properly pled that defendants played an active role in initiating the prosecution against him, his malicious prosecution claim must still be dismissed because there was probable cause for the prosecution, as established by plaintiff's indictment. An "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (quoting Colon v. New York, 468 N.Y.S.2d 453, 456 (1983)) (emphasis in original); see also McClellan v. Smith, 439 F.3d 137, 145 (2d Cir. 2006) (indictment "gives rise to a presumption that probable cause exists [for] the crimes described" in the indictment). To overcome the presumption of probable cause created by the indictment, plaintiff must plausibly plead that the indictment "was procured by fraud, perjury, the suppression of evidence or other

7

police conduct undertaken in bad faith." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003).

To the extent that plaintiff seeks to satisfy this burden on the basis of his conclusory challenge to defendant Santiago's statements to the grand jury, such a claim will fail. Under Rehberg v. Paulk, a plaintiff cannot satisfy his burden to overcome the presumption of probable cause created by a Grand Jury indictment by relying upon testimony made to a Grand Jury. Rehberg v. Paulk, ___ U.S. ___, 132 S. Ct. 1497, 1505-10 (2012) (holding that witnesses who testify before a grand jury are immune from suit for having done so). ); Coggins v. Buonora, No. cv-13-4635, 2015 U.S. App. LEXIS 487 (2d Cir. Jan. 13, 2015) (holding that, post-Rehberg, a plaintiff cannot establish a § 1983 claim by relying on grand jury testimony); Jovanovic v. City of New York, No. 10-4398-cv, (2d Cir. June 20, 2012) (Summary Order) (finding police officer absolutely immune from claim of fabrication of evidence for testifying before the grand jury). In the FAC, plaintiff alleges that defendant Santiago made false statements to the Grand Jury pertaining to his observations prior to plaintiff's arrest. (FAC, Siddiqi Decl., Exhibit A at ¶60). Specifically, plaintiff states that defendant Santiago lied to the Grand Jury about observing plaintiff engage in a hand-to-hand transaction, an observation that formed the basis of the decision to arrest plaintiff. (Id.). Even if plaintiff's allegations basin this regard were true, based on Rehberg, his attempt to establish a malicious prosecution claim through defendant Santiago's grand jury testimony will fail. As such, to the extent that plaintiff claims that defendant Santiago made false statements in his Grand Jury testimony, such testimony is barred under Rehberg and cannot overcome the presumption of probable cause created by plaintiff's indictment. As such, plaintiff's malicious prosecution claim must be dismissed.

# POINT III

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Defendants are entitled to qualified immunity from suit for the prosecution of plaintiff. The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Defendants should be granted qualified immunity with respect to plaintiff's malicious prosecution claim. A police officer is entitled to qualified immunity if: (1) it was objectively reasonable for the officer to believe that probable cause existed; or (2) officers of reasonable competence could disagree on whether there was probable cause. Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (citations omitted). "An officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances." Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995).

In the instant matter, it is clear that defendants are entitled to qualified immunity. Defendants contend that the police officers cannot be liable for a malicious prosecution claim. In any event, based on the information available to them which they relayed to the District Attorney, it was objectively reasonable for defendants to believe that there was probable cause to arrest plaintiff and that a subsequent prosecution could be brought.

Even if the Court were to conclude that probable cause was absent, there was still "arguable probable cause" to prosecute plaintiff. See Zellner v. Summerlin, 494 F.3d 344, 369

(2d Cir. 2007). Defendant Santiago believed that he observed plaintiff engage in a hand to hand drug transaction on the date of incident. (FAC, Siddiqi Decl., ¶26). This observation alone supplied defendants Santiago and Kretizberg with arguable probable cause to arrest plaintiff on April 12, 2008. They also believed it was lawful and proper to relay this information to the prosecutor to bring criminal charges against plaintiff. Accordingly, defendants are entitled to qualified immunity with respect to plaintiffs' malicious prosecution claim because their actions were lawful and objectively reasonable.

## POINT IV

### PLAINTIFF FAILS TO PROPERLY STATE A CLAIM UNDER MONELL

Having failed to establish any violation of his constitutional rights, plaintiff cannot state a federal civil rights claim against defendant City. Zherka v. DiFiore, 412 Fed. Appx. 345, 348 (2d Cir. 2011). Assuming, *arguendo*, that plaintiff established that a violation of his constitutional rights, he has, nonetheless, failed to establish any basis for imposing municipal liability against defendant City.

To establish a Monell claim, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. See Wray v. City of N.Y., 490 F.3d 189, 195 (2d Cir. 2007) (quotations omitted). Moreover, to state adequately a Monell claim based on a theory of inadequate training, supervision, or discipline, a plaintiff must show that the need to train or supervise is "so obvious" that a failure to do so could properly be characterized as "deliberate indifference." City of Canton v. Harris, 489 U.S. 378, 390 (1989). Deliberate indifference is a "stringent standard of fault," requiring municipal policymakers to be placed on notice that a particular omission in their training program causes city employees to violate citizens'

constitutional rights. Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) (citation omitted). Critically, a plaintiff must show that a violation of his rights resulted from a municipal custom or policy to impose Monell liability. See Lore v. City of Syracuse, 670 F.3d 127, 168 (2d Cir. 2012) (citation omitted). The mere assertion that a municipality has such a policy is insufficient. See Missel v. Cnty. of Monroe, No. 09-0235-cv, 351 Fed. Appx. 543, 545 (2d Cir. Nov. 4, 2009); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). Furthermore, it is well established that a single incident of unconstitutional activity alleged in a complaint, particularly if it involved only actors below the policy-making level, does not rise to the level of a Monell violation. See City of Okla. v. Tuttle, 471 U.S. 808, 814 (1985); Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991); see also Giaccio v. City of N.Y., No. 07-3957-cv, 308 Fed. Appx. 470, 472 (2d Cir. Jan. 23, 2009) (declaring that even four examples of potential constitutional violations fail to demonstrate a practice that is so persistent or widespread as to justify imposing municipal liability) (citations omitted).

Here, plaintiff premises his purported claims for municipal liability on a list of boilerplate assertions and conclusory statements. Many of these assertions bear little, if any, similarity to the facts pled in the FAC, and none of these assertions are actually supported by facts. For example plaintiff's bald contention that "it was the policy and practice of the City of New York to authorize officers, to cover up warrantless arrest without probable cause, to conspire with each other to bring false charges, to malicious prosecute on false charges, and to deny a right to fair trial" has no support in the FAC. (SAC, Siddiqi Decl., Ex. A at ¶90) Indeed, the FAC consists almost entirely of bald, conclusory assertions that the City maintains a policy of inadequately screening, hiring, training, supervising, and disciplining police officers and exhibits deliberate indifference by retaining those officers who have a propensity for

11

unconstitutional conduct. (FAC, Siddiqi Decl., Exhibit A at ¶¶88-104). However, plaintiff does not identify with any specificity any supposed shortcomings in the City's training, supervisory, and disciplinary methods, let alone supply any facts to support an inference that the incident at issue here – his alleged April 12, 2008 arrest and subsequent prosecution– can be attributable to any unconstitutional policy or practice of defendant City. The brief recitation of the elements of a Monell claim set forth in the FAC falls far short of pleading an adequate claim against the City and cannot survive dismissal. Accordingly, plaintiff's claims against defendant City must be dismissed with prejudice.

## POINT V

### THE COURT SHOULD DECLINE TO EXERCISE PENDENT JURISDICTION

Plaintiff failed to state viable causes of action with respect to his federal claims. Thus, even if the Court is not inclined to dismiss plaintiff's state law claims as time barred, this Court should nonetheless decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. §1367(c)(3). See, e.g., Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) ("it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial").

Based on the foregoing, plaintiff cannot maintain his state law causes of action, and therefore, these claims should be dismissed.

## **CONCLUSION**

Based on the foregoing, Defendants City, Kreitzberg, and Santiago respectfully request that their motion to dismiss the Complaint be granted in its entirety and that Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 28, 2015

                                        **ZACHARY W. CARTER**
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants City, Kreitzberg, and Santiago
                                        100 Church Street, Room 3-207
                                        New York, New York 10007
                                        Phone: (212) 356-2381

                                        By:         /s
                                                  Omar J. Siddiqi
                                                  Assistant Corporation Counsel

To: Shelton C. Jones (by first-class mail)
*Pro Se Plaintiff*
11 B 0687
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411