```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

SHELTON C. JONES,

                                    Plaintiff,

    - against -

ADAM KREITZBERG, SHIELD No. 26963;
ALEXANDER SANTIAGO, No. 29616; THE CITY OF
NEW YORK, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES,

                                    Defendants.
------------------------------------------------------------------------ X
```

**ANSWER TO THE COMPLAINT BY DEFENDANTS CITY OF NEW YORK, ADAM KREITZBERG, AND ALEXANDER SANTIAGO**

13 Civ. 929 (ALC) (DCF)

Jury Trial Demanded

Defendants City of New York, Adam Kreitzberg, and Alexander Santiago, by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Fourth Amended Complaint, respectfully allege, upon information and belief, as follows[1]:

1. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to lay venue as stated therein.

---

[1] Defendants further refer to the Court's Order, dated March 31, 2016, wherein the Court dismissed with prejudice plaintiff's state and federal claims of false arrest and false imprisonment, and the state claim for malicious prosecution. The Court dismissed plaintiff's *Monell* claim and federal conspiracy claim withour prejudice and leave to replead within thirty days. Plaintiff did not replead within that period, and as such, defendants contend that those claims are also dismissed.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Adam Kreitzberg and Alexander Santiago are employed by the City of New York as members of the New York City Police Department ("NYPD").

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City of New York is a municipal corporation, duly organized and existing under the laws of the State of New York, and further respectfully refers the Court to the New York City Charter for an accurate recitation of the relationship between Defendant City and the New York City Police Department.

6. Paragraph "6" of the Complaint is a conclusion of law to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that on April 12, 2008, plaintiff was arrested and charged with Criminal Possession or Sale of a Controlled Substance in the Third Degree.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the narrative of the report pertaining to plaintiff's arrest states: "At TPO Deft was observed selling a controlled substance to DEFT #1."

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiff testified in the grand jury proceedings pertaining to his observations regarding plaintiff's illegal narcotics activity.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of the Answer to the Complaint, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of the Answer to the Complaint, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of the Answer to the Complaint, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. In response to the allegations set forth in paragraph "84" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of the Answer to the Complaint, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. In response to the allegations set forth in paragraph "88" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of the Answer to the Complaint, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. In response to the allegations set forth in paragraph "105" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of the Answer to the Complaint, as if fully set forth herein.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint except admit that plaintiff purports to proceed as stated therein.

111. Deny the allegations set forth in paragraph "111" of the Complaint except admit that plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

112. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

113. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

114. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

115. Defendants City, Kreitzberg, and Santiago have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

116. Defendants Kreitzberg and Santiago have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is entitled to qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

117. To the extent that the Complaint asserts state law claims, plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

118. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

119. At all times relevant to the acts alleged in the Complaint, defendants Kreitzberg and Santiago acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

120. Plaintiff may not have met the conditions precedent to suit.

**WHEREFORE,** defendants City, Kreitzberg, and Santiago request judgment dismissing the Fourth Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 13, 2016

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendants City, Kreitzberg, and Santiago*
100 Church Street
New York, New York 10007
(212) 356-2381

By:  /s/
OMAR J. SIDDIQI
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY FIRST CLASS MAIL
Shelton C. Jones, *Plaintiff Pro-Se*
871 Swinton Ave., #2
Bronx, NY 10465